**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Myra White<br><br>        VS<br><br>TGI Friday's, Inc., incorrectly designated as<br>Carlson Restaurant Worldwide t/a TGI Friday, | CIVIL ACTION NO.   02 CV 3706 |

**ORDER**

AND NOW, this              day of                          , 2003, upon consideration of

Defendant, TGI Friday's, Inc.'s Motion for Summary Judgment and any response thereto, it is hereby

ORDERED and DECREED that defendant's Motion is GRANTED, and plaintiff's Complaint against

defendant is dismissed with prejudice.

BY THE COURT:

_____
                                                                 J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Myra White

    VS

TGI Friday's, Inc., incorrectly designated as
Carlson Restaurant Worldwide t/a TGI Friday,

CIVIL ACTION NO.    02 CV 3706

## DEFENDANT, TGI FRIDAY'S, INC.'S, MOTION FOR SUMMARY JUDGMENT

Defendant, TGI Friday's, Inc., (hereinafter referred to as "TGI Friday's") by and through its attorneys, Naulty, Scaricamazza, and McDevitt, Ltd., hereby requests this Honorable Court to grant its Motion for Summary Judgment and enter judgment in favor of defendant, and in support thereof avers the following:

1.    This is a personal injury premises liability action in which plaintiffs allege that on January 21, 2002 at approximately 1:15 p.m., plaintiff was injured when she fell while walking inside the TGI Friday's restaurant located on City Avenue in Philadelphia, Pennsylvania.  A true and correct copy of plaintiff's Complaint is attached hereto and marked as Exhibit "A".

2.    Defendant, TGI Friday's, filed an Answer with Affirmative Defenses to plaintiffs' Complaint, denying any liability on their part.  A true and correct copy of defendant, TGI Friday's's Answer and Affirmative Defenses to plaintiff's Complaint is attached hereto and marked as Exhibit "B".

3.    During the discovery state of this matter, several depositions, including that of the plaintiff, were taken.

4.    Despite the taking of depositions, plaintiff was unable to identify what, if anything, caused her to slip and fall.

5.    Plaintiff is also unable to show who or what caused the allegedly unknown defective condition to be on the floor, or how long it was on the floor prior to the fall.

6.    Plaintiff also failed to prove that TGI Friday's had any notice, either actual or constructive, of the alleged dangerous condition.

7.     A jury is not allowed to speculate as to what was on the floor, how it got there, or how long it remained there.

-- 2 --

8.    Accordingly, plaintiff is unable to meet her burden of proof, and therefore, defendant, TGI Friday's is entitled to summary judgment in its favor.

9.    Defendant, TGI Friday's, believes and therefore avers that there are no genuine issues of material fact relevant to the resolution of this Motion, and that defendant, TGI Friday's, is entitled to summary judgment as a matter of law.

WHEREFORE, defendant, TGI Friday's, Inc., respectfully requests this Honorable Court to enter an order granting its Motion for Summary Judgment, and dismissing plaintiffs' Complaint with prejudice.


Respectfully submitted,

NAULTY, SCARICAMAZZA & McDEVITT, LTD.


BY: _____
        GERARD X. SMITH, ESQUIRE
        SUSAN B. PLINER, ESQUIRE
        Attorney for Defendant,
        TGI Friday's, Inc.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

Myra White

     VS

TGI Friday's, Inc., incorrectly designated as
Carlson Restaurant Worldwide t/a TGI Friday,

CIVIL ACTION NO.    02 CV 3706

**DEFENDANT, TGI FRIDAY'S, INC.'S, MEMORANDUM OF LAW IN SUPPORT OF ITS**
**MOTION FOR SUMMARY JUDGMENT**

## I.    INTRODUCTION

This is a Motion for Summary Judgment filed on behalf of Defendant, TGI Friday's, Inc., (hereinafter

referred to as "TGI Friday's"). The basis for this motion is that under Pennsylvania Law, Plaintiff cannot

maintain an action against moving Defendant. Plaintiff cannot present evidence which shows that moving

Defendant, as the possessor of land, deviated in some way from its duty of reasonable care under the

circumstances by demonstrating evidence that TGI Friday's knew, or with the exercise of reasonable care,

should have known of the existence of a harmful condition. Absent such evidence, there are no triable issues

of fact concerning moving Defendant's negligence, and, as such, Summary Judgment is proper.

## II.    FACTS

Plaintiff, Myra White, testified that on January 21, 2002, she arrived at the TGI Fridays on City Line

Avenue with her then 8 year-old son. See deposition transcript of Myra White attached hereto as Exhibit "C"

at p. 12-13. She claims that after waiting a few minutes, they were seated at a table. From the table they

could not see the area where she was to later fall and at no time did they get up and leave the table. Id. at p.

14. She had no alcohol to drink at lunch and claims that, after about 45 minutes, the two went to leave the

premises. Prior to her accident, she saw no trash, debris, wet spots or anything else slippery on the floor.

As she was walking behind her son, she claims that her right foot slipped and she fell to the ground. She had

been to this Fridays roughly once every few months and never had any prior problems or complaints.

As plaintiff was walking behind her son, there were no distractions nor obstructions to her view. Id.

at p. 25. She testified that she never saw anything on the floor nor did she even look at the floor as she was

walking right before her accident. Id. at p. 26. She admitted during her deposition that she had no idea what

caused her to fall and that she saw nothing on the floor which could have caused or contributed to her fall. Id. at p. 16-17.

Minutes after Plaintiff's fall, the manager, Patrick McElroy, approached Plaintiff and attempted to assist her. Id. at p. 19-20. After helping her to a table, he completed an incident report based upon the information provided to him by Plaintiff. See deposition transcript of Patrick McElroy attached hereto as Exhibit "D" at p. 6-7. Plaintiff indicated to Mr. McElroy that she did not know how she had fallen nor what had caused her to fall, and that the area around where she had fallen appeared to be dry. Id. at p. 11. See also a true and correct copy of the Guest Incident Report attached hereto as Exhibit "E".

## III.    STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(c), Summary Judgment is appropriate if "the pleadings, depositions, answers to Interrogatories, admissions on file, together with the Affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."

Rule 56 mandates summary judgment, "after adequate time for discovery and upon Motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986), Cert. denied, 484 U.S. 1066, 98 L. Ed. 2nd 992, 108 S. Ct. 1028 (1988). The court's responsibility is not to resolve disputed issues of fact, but to determine whether there exists any factual issue to be tried. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-9 (1986).

Furthermore, Rule 56(e) provides that "when a Motion for Summary Judgment is made and be supported as provided in this rule", the party opposing the Motion "may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is genuine issue for trial." See Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); Tilden Financial Corp. v. Palo Tire Service, Inc., 596 F.2d 604, 607 (3rd Cir. Pa. 1979). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported Motion for Summary Judgment." Anderson, 477 U.S. at 247. The factual disputes must be such

that they "might effect the outcome of the suit." Id. A plaintiff may not rest on allegations without any sufficient probative evidence tending to support the Complaint. Id. (Quoting First National Bank of Arizona v. Cities Service Company, 391 U.S. 253, 290 (1968).

The pleadings, affidavits, depositions of record herein and other evidence induced in discovery, establish conclusively that there are no genuine issues of material fact for trial and that moving defendant is entitled to judgment as a matter of law.  Plaintiff cannot show any factual dispute which would support judgment in her favor under any of the counts in plaintiff's Complaint against moving defendant, and, therefore, Defendant, TGI Friday's, is entitled to summary judgment as a matter of law.

## IV.    ARGUMENT

### A.    Plaintiff is Unable to Prove the Elements Necessary to Support a Finding of Negligence on the Part of Defendant TGI Friday's

In order for plaintiff to recover in this action, she must prove that (1) TGI Friday's had a duty or obligation to her; (2) TGI Friday's breached that duty; (3) there is a causal connection between TGI Friday's's conduct and plaintiff's resulting injury; and (4) plaintiff suffered actual damages.  Swift v. Northeastern Hospital of Philadelphia, 690 A.2d 719, 722 (Pa. Super. 1997).  In the instant case, Ms. White was a business invitee.  Restatement (Second) of Torts § 343 provides the standard of care required of a possessor of land to an invitee:

A possessor of land is liable for physical harm caused to his invitees by a condition on the land if, but only if, he

(a)    knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

(b)    should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c)    fails to exercise reasonable care to protect them against the danger.

However, the owner or possessor or property is not an insurer of the safety of its business invitees.

Lonsdale v. Joseph Horne Co., 587 A.2d 810, 813 (Pa. Super. 1991); Myers v. Penn Traffic Co., 606 A.2d 926, 928 (Pa. Super. 1992). The mere fact that an accident occurred does not give rise to an inference that the defendant was negligent. Hess v. Sun Ray Drug Co., 387 Pa. 199, 201, 127 A.2d 266 (1956); Myers, 606 A.2d at 928, Swift, 690 A.2d at 722. In order for plaintiff to recover, she must prove that the dangerous condition was the result of the direct negligence of TGI Friday's, or that TGI Friday's had sufficient notice of the condition, either actual or constructive, to have enabled it to correct the defect. Hess, 387 Pa. at 201; Myers, 606 A.2d at 929, Swift, 690 A.2d at 722; Inverso v. Bob's Country Deli and Fine Foods, 20 D&C 4th 404, 406 (1993).

In Inverso v. Bob's Country Deli and Fine Foods, 20 D&C 4th 404, 406 (1993), the plaintiff slipped on a greasy, slippery substance on the floor of a deli where ate breakfast. However, she was unable to prove what, if anything, was on the floor, how it got there, or how long it remained there. Based on this, the defendant moved for a nonsuit which was granted by the court.

The court relied on Martino v. Great A&P Tea Co., 419 Pa. 229, 213 A.2d 608 (1965) in making its decision. The Inverso court pointed out that in Martino, plaintiff proved that a grape on the floor made her slip, but was unable to prove how it got there, how long it was there, that the store was aware of it, and that the store failed to remedy the situation. Inverso, 20 D.&C. 4th at 407. The trial court granted a nonsuit which was upheld by our Supreme Court. The Supreme Court stated that ". . .[t]here is no evidence from which the jury might reach a conclusion as to the cause of the presence of the grape in the aisle, and jurors may not be permitted to reach conclusions based upon guess or conjecture." Inverso, 20 D.&C. 4th at 407 citing Martino v. Great A&P Tea Co., 419 Pa. 229, 234 213 A.2d 608, 610 (1965).

The case of Swift v. Northeastern Hospital of Philadelphia, 690 A.2d 719 (Pa. Super. 1997) is also instructive. Decedent had fallen off of a ladder and required medical attention. She went to the emergency room of Northeastern Hospital for treatment, and was discharged the same day. Before leaving the hospital, she went to the restroom, slipped and fell on water, sustained a fracture, and was readmitted to the hospital. She required surgery as a result of her fracture. Two days after her surgery, she developed sepsis, and died three weeks later. The court found that plaintiffs failed to show that the Hospital had notice of the defect. They also failed to present evidence as to how the water got on the floor, or how long it remained there.

Based on this, the Hospital's Motion for Summary Judgment was granted.

The case of Hess v. Sun Ray Drug Co., 387 Pa. 199, 127 A.2d 699 (1956) also leads to the conclusion that TGI Friday's's Motion for Summary Judgment should be granted. In that case, the plaintiff was about to enter the defendant's store, when she noticed a clerk dispensing orange juice in the entranceway. There were people standing in front of the stand as well as children fooling around in the same area. She went to enter the store, when she slipped and fell. Afterwards, she noticed orange juice stains on her clothing. The trial court granted a nonsuit in favor of defendants. The Pennsylvania Supreme Court affirmed the trial court's decision. The Court pointed out that plaintiff, in order to recover, must prove that the orange juice was on the floor as a result of the direct negligence of the store's employee, or that the store had constructive notice of the condition and was able to correct it. Id. at 201. The plaintiff failed to present evidence showing how the orange juice got on the floor. The Court explained that a jury would not be able to speculate that it got there through the direct negligence of defendant's employee, since it could have been done by a customer. Further, there was no proof as to how long the juice was on the floor prior to the accident. Id. at 201.

The above-cited case law clearly establishes that defendant, TGI Friday's, cannot be held liable on the facts presently before the Court. Plaintiff is unable to prove notice on the part of TGI Friday's, since she cannot show what, if anything, was on the ground that caused Plaintiff to fall, how it got there, or how long it remained there. As such, Defendant, TGI Friday's's Motion for Summary Judgment should be granted.

## V.    CONCLUSION

Based on the foregoing, defendant, TGI Friday's, Inc., respectfully requests this Honorable Court to enter an order granting its Motion for Summary Judgment and dismissing Plaintiffs' Complaint with prejudice.

Respectfully submitted,
NAULTY, SCARICAMAZZA & McDEVITT, LTD.

BY: _____
GERARD X. SMITH, ESQUIRE
SUSAN B. PLINER, ESQUIRE
Attorney for Defendant,
TGI Friday's, Inc.

-- 8 --

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

Myra White

     VS

TGI Friday's, Inc., incorrectly designated as
Carlson Restaurant Worldwide t/a TGI Friday,

CIVIL ACTION NO.    02 CV 3706

## CERTIFICATE OF SERVICE

I, Susan B. Pliner, Esquire, hereby certify that on July 23, 2003 a copy of the Defendant's Motion for Summary Judgement and Supporting Memorandum of Law  was served upon all opposing counsel and/or parties, via U.S. Mail, First Class, postage prepaid, addressed as follows:

Edwin P. Smith, Esquire
Law Offices of Edwin P. Smith & Assoc.
1700 Market Street, Suite 3050
Philadelphia, PA  19103

Respectfully submitted,
NAULTY, SCARICAMAZZA & McDEVITT, LTD.

BY:_____
SUSAN B. PLINER, ESQUIRE
Attorney for Defendant,
TGI Friday's, Inc.

# V E R I F I C A T I O N

I, Susan B. Pliner, Esquire, attorney for the defendants, hereby verify that the facts set forth in the foregoing pleading are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.

_____
SUSAN B. PLINER, ESQUIRE